Anthony WRIGHT, Petitioner–Appellant,

v.

Jackie CRAWFORD, et al., Respondents–Appellees.

No. 07–16316.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 15, 2008.

Filed Sept. 22, 2008.

Linda Marie Bell, Assistant Federal Public Defender, Federal Public Defender's Office, Las Vegas, NV, Anthony Wright, Ely, NV, for Petitioner–Appellant.

Victor Hugo Schulze, Ii, Esquire, AGNV—Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: SILER,* McKEOWN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Petitioner Anthony Wright appeals the district court's order denying his petition for a writ of habeas corpus. We affirm.

In 1999, Wright was arrested and charged in connection with over 50 residential burglaries in Las Vegas, Nevada. A state court jury convicted him of six felonies: one count of possession of a firearm while in possession of stolen property with a value of over $250, one count of

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

possession of a stolen firearm, and four counts of possession of stolen property with a value of over $250. The jury also convicted him on two misdemeanor counts of possession of stolen property with a value under $250. The jury acquitted him of one count of burglary and was unable to reach a verdict on the other 26 counts.

Wright had six prior felony convictions in California: possession of a stolen vehicle, assault with a deadly weapon, receiving known stolen property, first degree burglary, attempted burglary, and first degree burglary with a prior burglary conviction. Therefore, the trial court found that Wright was a habitual criminal pursuant to Nev.Rev.Stat. § 207.010(1)(b). The trial court sentenced Wright to life in prison with the possibility of parole after 10 years for each of the felony counts, and to time served for the two misdemeanor convictions. The life sentences were structured in three consecutive blocks with each block consisting of two sentences running concurrently.

Wright appealed two evidentiary rulings to the Nevada Supreme Court, which rejected his arguments and affirmed Wright's conviction. He then filed a petition for post-conviction relief in the trial court. In his petition, he argued that the trial court violated his Eighth Amendment rights "by multiple impositions of life sentences in a single prosecution of a criminal offense." The trial court rejected this claim, concluding that Wright's "claims that his criminal history was minor, and the court abused its discretion in ordering consecutive life sentences is without merit." In March 2004, the Nevada Supreme Court affirmed the trial court's decision to deny post-conviction relief.

In 2004, Wright filed a petition for a writ of habeas corpus in the district court. The district court denied his petition and granted a certificate of appealability on one issue: whether Wright's sentences constitute cruel and unusual punishment in violation of the Eighth Amendment.

This court reviews "de novo a district court's decision to grant or deny a habeas petition under 28 U.S.C. § 2254." *Arnold v. Runnels,* 421 F.3d 859, 862 (9th Cir. 2005). The applicable standard is:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Nevada Supreme Court's opinion summarily affirmed the trial court's opinion, so we review the decision of the state trial court. The trial court did not identify any governing legal principles from the Supreme Court on the issue of whether the life sentences were constitutional. Therefore, only the "contrary to" prong of 28 U.S.C. § 2254(d) applies.

A state court decision is contrary to clearly established Federal law if the state court applies a rule that contradicts the governing law set forth by the Supreme Court or if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

Here, Wright's sentence does not violate clearly established Federal law. In *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the Court was confronted with one issue: "whether the Eighth Amendment proscribes a life sentence without possibility of parole for a seventh nonviolent felony." *Id.* at 279, 103 S.Ct. 3001. The triggering offense was uttering a bad check for $100. *Id.* at 281, 103 S.Ct. 3001. The Court concluded that the Eighth Amendment requires that "a criminal sentence must be proportionate to the crime for which the defendant has been convicted," and that the sentence in the case was significantly disproportionate to the crime. *Id.* at 290, 303, 103 S.Ct. 3001. One of the factors it considered was that the penalty of life imprisonment was very harsh and the petitioner was not eligible for parole, distinguishing *Rummel v. Estelle,* 445 U.S. 263, 280–81, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (finding no violation of the Eighth Amendment where a state sentenced a three-time offender to life in prison with the possibility of parole after 12 years where the triggering offense was felony theft for obtaining $120.75 by false pretenses). *Id.* at 298, 100 S.Ct. 1133.

In *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court found that "[t]hrough this thicket of Eighth Amendment jurisprudence, one governing legal principle emerges as 'clearly established' under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years." *Id.* at 72, 123 S.Ct. 1166. The Court noted that "the precise contours of [the principle] are unclear, applicable only in the 'exceedingly rare' and 'extreme' cases." *Id.* at 73, 123 S.Ct. 1166. In *Andrade,* the petitioner stole five videotapes worth $84.70 and later stole four videotapes worth $68.84. *Id.* at 66, 123 S.Ct. 1166. A jury convicted him of two counts of petty theft with a prior conviction for stealing the tapes and made a special finding that he had been convicted of three counts of first-degree residential burglary. The trial court sentenced him to two consecutive terms of 25 years to life in prison under California's three strikes law. *Id.* at 68, 123 S.Ct. 1166. The Court upheld the sentence because the petitioner was eligible for parole, distinguishing *Solem. Id.* at 74, 123 S.Ct. 1166. The Court found that the state court reasonably relied on *Rummel. Id.*

In this case, Wright's sentence does not violate clearly established Federal law. Unlike the petitioner in *Solem,* Wright is eligible for parole after 10 years or possibly 30 years. The availability of parole was a critical distinction between *Solem,* where the sentence of life without the possibility of parole violated the Eighth Amendment, and *Rummel,* where the sentence of life with the possibility of parole in 12 years did not violate the Eighth Amendment. This distinction was affirmed again in *Andrade.* Given the seriousness of the underlying crimes in Wright's case, compared to those in both *Andrade* and *Rummel,* the state court did not violate clearly established Federal law and therefore the district court properly denied Wright's petition for a writ of habeas corpus.

**AFFIRMED.**